EUGENE A. WRIGHT, Circuit Judge:
 

 Cassius Chinske pleaded guilty to maintaining a residence for the cultivation of marijuana, a class C felony. The court sentenced him to 15 months imprisonment followed by two years of supervised release. The court also ordered him to pay a fine of $2,760 to cover the cost of his supervised release. He appeals the term of supervised release and the fine.
 

 I
 

 Chinske argues that the Sentencing Guidelines, which impose a
 
 mandatory
 
 term of supervised release, conflict with the Sentencing Reform Act, which permits an
 
 optional
 
 term. U.S.S.G. §§ 5D1.1 and 5D1.2; 18 U.S.C. § 3583(a). He contends that this alleged inconsistency renders these Guidelines invalid because 28 U.S.C. § 994(b) requires that all Guidelines be consistent with Title 18, United States Code.
 

 The statute allows a court to include as part of the sentence a requirement that the defendant be placed on a term of supervised release. 18 U.S.C. § 3583(a). The maximum term for a defendant convicted of a Class C or D felony is three years. 18 U.S.C. § 3583(b)(2).
 

 Under the Guidelines, the court
 
 must
 
 order a term of supervised release to follow imprisonment when it sentences a defendant to more than one year of imprisonment. U.S.S.G. § 5D1.1. The term for a defendant convicted of a Class C or D felony must be at least two years, but not more than three years. U.S.S.G. § 5D1.2(b)(2).
 

 The Eleventh Circuit recently addressed a similar challenge to- the Guidelines in
 
 United States v. West,
 
 898 F.2d 1493 (11th Cir.1990),
 
 cert. denied,
 
 — U.S. —, 111 S.Ct. 685, 112 L.Ed.2d 676 (1991). The court held that “28 U.S.C. § 994(a) provides sufficient authority for the guidelines’ mandatory provisions for supervised release.”
 
 Id.
 
 at 1503. Yet we decline to follow the lead of the Eleventh Circuit in
 
 West
 
 because the analysis of that court failed to consider 28 U.S.C. § 994(b).
 

 We emphasized the importance of this statutory criterion in resolving inconsistencies between Guidelines sections and statutes in
 
 United States v. Wills,
 
 881 F.2d 823 (9th Cir.1989). Wills argued that U.S.S.G. § 5G1.3 impermissibly limited the discretion of trial judges under 18 U.S.C.
 
 *559
 
 § 3584(a) to impose concurrent or consecutive sentences. We agreed, stating that
 

 Although [28] section 994(a)(1)(D) apparently would allow the [Sentencing] Commission to eliminate the discretion, section 994(b)(1) requires that the Commission’s guidelines be consistent with the provisions of Title 18, which include section 3584(a). If the guidelines are to be consistent with Title 18, the discretion cannot be taken away.
 

 Id.
 
 at 826.
 

 It might be argued that'
 
 Wills
 
 should similarly dictate the result for this case. We reject that suggestion. In
 
 Wills,
 
 the relevant statute clearly did not jibe with the relevant Guidelines section. Here, U.S.S.G. §§ 5D1.1 and 5D1.2 can be read consistently with 18 U.S.C. § 3583. The commentary to U.S.S.G. § 5D1.1 states that “while there may be cases within this category that do not require post release supervision, these cases are the exception and may be handled by a departure from this guideline.”
 

 The mandatory minimum term of supervised release specified by the Guidelines is thus not as inflexible as it appears. The Guidelines do not take away the trial judge’s ultimate discretion in ordering supervised release.
 
 See United States v. Martinez-Cortez,
 
 924 F.2d 921, 924 (9th Cir.1991) (citing with approval the detailed analysis in
 
 United States v. Amesquita-Padilla,
 
 691 F.Supp. 277, 288-89 (W.D.Wash.1988)).
 
 [1]
 
 Here, the trial judge simply declined to exercise his discretion to depart.
 

 Chinske also argues that mandatory terms of supervised release are contrary to congressional intent. We have already rejected such a challenge.
 
 Martinez-Cortez,
 
 924 F.2d at 924. Yet Chinske asserts that Congress wanted the length of supervised release to depend on the defendant’s need for supervision, not the length of the original prison term. Assuming this interpretation of the congressional mandate is correct, we would still uphold the Guidelines. As just explained, §§ 5D1.1 and 5D1.2 allow for departure if, after due consideration, the trial judge determines no post release supervision is necessary.
 

 We conclude that the supervised release Guidelines are consistent with both the Sentencing Reform Act and congressional intent.
 

 II
 

 At his sentencing hearing, Chinske contended that the Sentencing Commission did not adequately consider public service as a mitigating factor. He argued that his record provided grounds for a downward departure. Although several witnesses testified to Chinske’s good character, his service as a city council member and his involvement in conservation groups, the court did not depart from the Guidelines.
 

 On appeal, he argues that the court was unaware of its authority to depart. Yet the record shows that the court was well aware of that authority:
 

 The Court recognizes, as a matter of law, that it has the authority to depart, but finds as a matter of fact that departure is not warranted in this case. The Court declines to depart and rules that justice requires that this individual be sentenced within the guidelines.
 

 The court found that “service to the public ... cannot justify disobedience of the law.”
 

 Our review is limited by 18 U.S.C. § 3742(a). This court lacks jurisdiction to review a sentencing court’s refusal to depart.
 
 United States v. Morales,
 
 898 F.2d 99, 102-03 (9th Cir.1990).
 

 III
 

 Chinske also contests the special and standard conditions of his supervised release. He insists that the sentencing court failed to make an individualized determination of the applicable conditions.
 

 The sentencing judge has broad discretion in setting conditions of probation.
 
 *560
 

 United States v. Bolinger,
 
 940 F.2d 478, 480 (9th Cir.1991). The same is true in setting conditions of supervised release. Such conditions must be
 

 reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment____
 

 U.S.S.G. § 5D1.3(b);
 
 see also
 
 18 U.S.C. § 3583(d).
 

 The court ordered Chinske to comply with the district’s standard conditions. In addition, the court required him to comply with the following special conditions:
 

 (1) not own or possess any firearms or other dangerous weapons;
 

 (2) attend and actively participate in a substance abuse treatment program, if deemed necessary by the United States Probation Office;
 

 (3) submit to a search of his person, vehicle and/or residence upon request by the United States Probation Office; and
 

 (4) pay the fine imposed by this sentence in accordance with a schedule to be determined by the United States Probation Office.
 

 Both the special and the standard conditions are valid. The court imposed these conditions after finding that Chinske supported himself by growing and selling marijuana for profit for at least five years. It was also influenced by Chinske’s disregard of the laws governing illegal substances, despite an extensive record of public service that showed a commitment to democratic processes.
 

 The conditions were reasonably related to the nature and circumstances of the offense and the need to deter future criminal conduct. We conclude that the sentencing judge did not abuse his discretion.
 

 AFFIRMED IN PART; DISMISSED IN PART.
 

 [1]
 

 . Neither court made an analysis under § 994(b)(1) as was done in
 
 Wills,
 
 but they did conclude that district courts retain sufficient discretion since the commentary explicitly allows departure where supervised release is not necessary.