**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Todd Allen JOHNSON, a/k/a David Brandon Williams, Defendant–Appellant.**

**No. 92–30176.**

United States Court of Appeals,
Ninth Circuit.

Argued February 3, 1993 *.

Decided July 8, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Michael Filipovic, Asst. Federal Public Defender, Seattle, WA, for defendant-appellant.

Susan M. Roe, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: TANG, KOZINSKI and FERNANDEZ, Circuit Judges.

KOZINSKI, Circuit Judge:

We explore the limits of the district court's powers to impose conditions of supervised release.

## Background

Johnson pled guilty to possessing five or more identification documents with the intent to use them unlawfully. *See* 18 U.S.C. § 1028(a)(3). The court sentenced him to 12 months in prison. In addition to several standard conditions of supervision, the court imposed, for a term of one year, the following special conditions of supervised release:

> You shall participate as instructed by your U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction or drug dependency, which may include testing to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or other intoxicants during and after the course of treatment.
>
> You shall participate in any mental health program or counseling as instructed by your U.S. Probation Officer.

CR 25. Johnson challenges these terms on the ground that they were not reasonably related to "the nature and characteristics of his offense" as set forth in U.S.S.G.

§ 5D1.3(b),[1] which guides the court's discretion in the imposition of supervised release.

We must decide whether the district court correctly considered the factors set forth in section 5D1.3(b) before imposing conditions of supervised release.

## Discussion

A. A district court's decision to impose an available condition of supervised release is typically reviewed for abuse of discretion. *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991). However, Johnson's claim is a challenge to the interpretation and application of the sentencing guidelines which we review de novo. *United States v. Blaize,* 959 F.2d 850, 851 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992).

Johnson reads section 5D1.3(b) as requiring that conditions of supervised release be reasonably related to *each* of the items listed in the section: To the nature and circumstances of the offense *and* to the history and characteristics of the defendant *and* to the need to deter crimes *and* to the need to protect the public *and* to the need to help the defendant. Because the conditions here weren't related to "the nature and circumstances of the offense," Johnson argues they were invalid.

But the items listed in 5D1.3(b) aren't necessary elements, each of which has to be present. They are merely factors to be weighed, and the conditions imposed may be unrelated to one or more of the factors, so long as they are sufficiently related to the others.

This is made clear by the statutory provisions that underlie section 5D1.3(b)—18 U.S.C. §§ 3553 and 3583.[2] Entitled *"[f]ac-*

---

1. U.S.S.G. § 5D1.3(b) provides in full:

    The court may impose other conditions of supervised release, to the extent that such conditions are reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner.

2. "The Sentencing Commission promulgates guidelines by virtue of an express congressional delegation of authority for rulemaking." *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993). It therefore follows that the Commission is bound to follow statutory 'pronouncements' when "Congress has directly spoken to the precise question

*tors* to be considered in imposing a sentence," 18 U.S.C. § 3553(a) states that when imposing a sentence the court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner....

Except for subsection (2)(A), which is not relevant to supervised release, section 5D1.3 uses precisely this language. We must therefore treat 5D1.3 in pari materia—as a list of factors to guide the district court's discretion rather than a checklist of requisites, each of which must be found before any condition of supervised release may be prescribed.

The main statutory provision on supervised release, 18 U.S.C. § 3583, supports this interpretation. Subsection (a) opens with: "The court, in imposing a sentence to a term of imprisonment for a felony ... may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment...." This language places the decision to impose supervised release within the discretion of the district judge. The statute goes on to channel that discretion, but not to the degree Johnson's argument suggests:

> The court may order, as a further condition of supervised release, to the extent that such condition—

> (1) is reasonably related to *the factors set forth in* section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D) ...

any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.

18 U.S.C. § 3583(d) (emphasis added).[3] Section 3583(d)'s explicit description of the items in section 3553–the same ones that are in section 5D1.3(b)—as "factors" leads to the conclusion that what the Sentencing Commission set forth are also factors for the district court to consider, not prerequisites to be satisfied before a condition of supervised release may be imposed.

*United States v. Chinske,* 978 F.2d 557 (9th Cir.1992), supports our approach. *Chinske* did say that conditions of supervised release "must be 'reasonably related to'" the factors listed in section 5D1.3. *Id.* at 560. But it never said that all the factors must pertain to each of the conditions for supervised release imposed. Quite the contrary: In affirming the conditions, *Chinske* held:

> The conditions were reasonably related to the nature and circumstances of the offense and the need to deter future criminal conduct. We conclude that the sentencing judge did not abuse his discretion.

*Id.* In *Chinske* the presence of only two of the five factors listed in section 5D1.3(b) was enough to justify the supervised release conditions. *Chinske* and the statutory provisions underlying 5D1.3(b) foreclose Johnson's argument that conditions of supervised release must be reasonably related to each of the items in 5D1.3(b).

██ Moreover, section 5B1.4(b)(23) recommends that the court impose a condition requiring a defendant to participate in a substance abuse program "[i]f the court has reason to believe that the defendant is an

at issue." *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984); *see also* 28 U.S.C. § 994(a) (guidelines must be consistent with all pertinent provisions of Title 18).

**3.** Treatment in a mental health program and treatment for drug or alcohol dependency are

discretionary conditions described in 18 U.S.C. § 3563(b)(10). Consistent with our analysis of the other statutory provisions relevant in this case, these conditions may be imposed to the extent they are "reasonably related to the *factors set forth* in section 3553(a)(1) and (a)(2)." 18 U.S.C. § 3563(b) (emphasis added).

abuser of narcotics, other controlled substances or alcohol." Section 5B1.4(b)(24) authorizes the court to require participation in a mental health program "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment." These provisions do not specify that the need for psychiatric or drug treatment be related to the offense of conviction.

**B.** In sentencing Johnson, the district court was faced with a long history of substance abuse and violent aggression. Specifically, the record showed Johnson offered marijuana to an acquaintance and then brutally robbed him, PSR 4; sexually assaulted his aunt while on drugs, PSR 5, 11, 12; failed a drug test while on parole, PSR 12; and violently beat a friend because she asked him to take his feet off her furniture, PSR 5–6. Moreover he was diagnosed as having a personality disorder for which he never sought and, in fact, actively refused treatment, PSR 11. The record also shows that Johnson has been involved in alcohol-related incidents. PSR 6, 8.

On this record, the factors set out in section 5D1.3(b) amply justified the requirement that Johnson submit to drug abuse treatment and mental health counseling and refrain from alcohol use during and after treatment: The history and characteristics of the defendant, the importance of protecting the public, and the defendant's need for correctional treatment all militated in favor of the conditions the district court chose. The only relationship arguably not present was one between the terms imposed and the nature and circumstances of Johnson's offense, but this is not fatal where the other considerations in section 5D1.3(b) so clearly apply.

**AFFIRMED.**