21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles LANE, Jr., Defendant-Appellant.
 No. 92-30344.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1994.*
Decided April 12, 1994.
 
 Before: WRIGHT, TANG and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Lane shot, killed and illegally sold the body parts of protected Alaskan wildlife. For violating the Lacey Act, 16 U.S.C. Sec. 3372(a), and also for distributing marijuana, 21 U.S.C. Sec. 841(a), he received 12 months imprisonment and 4 years of supervised release. He appeals a condition of his supervised release that prohibits him from possessing a firearm, even during subsistence hunts.[1] We affirm.
 
 
 3
 We review for an abuse of discretion the court's discretionary decision to impose an available condition. United States v. Johnson, 998 F.2d 696, 697 (9th Cir.1993). The district court had broad discretion in setting the conditions of Lane's supervised release. United States v. Chinske, 978 F.2d 557, 559-60 (9th Cir.1992); U.S.S.G. Sec. 5B1.4(b)(14) (firearm prohibition "recommended"). The condition must be
 
 
 4
 reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant....
 
 
 5
 U.S.S.G. Sec. 5D1.3(b); see also 18 U.S.C. Sec. 3583(d). And the condition "may be unrelated to one or more of [these] factors, so long as [it is] sufficiently related to the others." Johnson, 998 F.2d at 697.
 
 
 6
 During the undercover investigation, Lane had bragged about illegally shooting protected wildlife, often only to shock tourists and fishery biologists. The district judge explained the need for the condition when he said, "I very much hope this time around you will get the message that you simply have to conform your conduct to the rules of your community, which includes ... dealing only in a lawful fashion with wildlife."
 
 
 7
 The district judge properly exercised his discretion in imposing the condition. The condition was reasonably related to the offense, Lane's history, and deterrence needs. Chinske, 978 F.2d at 560. Lane used firearms to kill protected wildlife for perverse pleasure and illegal profit. And hunting was a conduit for his criminal conduct. A categorical prohibition against firearm possession could deter him from future violations of the Lacey Act.
 
 
 8
 The judgment and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The record does not support Lane's claim that he relies on subsistence hunting for himself and his family. This unsupported assertion was made by Lane's counsel for the first time at the sentencing hearing. The record indicates that Lane made regular trips to Anchorage when he could buy food. And the condition does not bar him from using non-explosive weapons for hunting