48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald Duane STARK, Defendant-Appellant.
 No. 94-30267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Duane Stark appeals the district court's revocation of his supervised release for violating the conditions of his release by consuming alcohol. Stark contends there was insufficient evidence to support a finding that he violated the terms of his supervised release, and that revocation of his supervised release constituted cruel and unusual punishment. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court may revoke a defendant's term of supervised release and sentence a defendant to a term of incarceration if it finds by a preponderance of the evidence that the defendant violated a term of supervised release. 18 U.S.C. Sec. 3583(e)(3); United States v. Lockard, 910 F.2d 542, 543 (9th Cir.1990). Revocation of supervised release is subject to the Federal Rules of Criminal Procedure that are applicable to probation revocation. 18 U.S.C. Sec. 3583(e)(3). Hence, the district court's decision to revoke supervised release is reviewed for abuse of discretion. See United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (probation revocation decisions are reviewed for abuse of discretion).
 
 
 4
 Here, two police officers testified that Stark was intoxicated when they encountered him after responding to a call for assistance. The officers maintained that Stark's physical appearance and actions were consistent with those of an intoxicated person. The officers also saw an open beer container in the living room of the apartment and testified that the room smelled of alcohol. Although Stark contends he was not intoxicated and that the alcohol found on the premises did not belong to him, the district court did not abuse its discretion in finding that Stark was intoxicated based upon a preponderance of the evidence presented at the revocation hearing. See Laughlin, 933 F.2d at 788.
 
 
 5
 Stark also contends that revocation of his supervised release and imposition of a prison term violated due process and constituted cruel and unusual punishment because he was in essence being punished for being addicted to alcohol. The district court may impose terms and conditions of supervised release where "the conditions [are] reasonably related to the nature and circumstances of the offense and the need to deter future criminal conduct." United States v. Chinske, 978 F.2d 557, 560 (9th Cir.1992). A defendant's term of supervised release may be revoked, and a term of incarceration imposed, following a finding that the defendant violated a condition of supervised release. 18 U.S.C. Sec. 3583(e)(3); see also Lockard, 910 F.2d at 543-44. Moreover, revocation of supervised release and imposition of a term of incarceration is not punishment for a new offense. See United States v. Paskow, 11 F.3d 873, 881 (9th Cir.1993).
 
 
 6
 The district court noted that Stark violated the conditions of his supervised release on numerous occasions by consuming alcohol. In fact, on a violation prior to the present incident, the district court gave Stark a choice to either take 8 months incarceration then, or be subject to 14 months on the next violation for alcohol consumption. Stark opted to continue his supervised release. Starks also failed to complete an alcohol treatment program which was also a condition of his supervised release. Thus, Stark's alcohol consumption was a reasonably imposed condition for supervised release, see Chinske, 978 F.2d at 560, and the district court's revocation of Stark's supervised release for repeated violations of alcohol consumption was not improper, see Lockard, 910 F.2d at 543-44.
 
 
 7
 Furthermore, the district court's revocation of Stark's supervised release was not a constitutional violation because Stark's alcohol consumption only triggered the reinstatement of his original sentence. His alcohol consumption was not punished as a new offense. The "entire sentence, including the period of supervised release, is punishment for the original crime, and 'it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release.' " See United States v. Soto-Olivas, No. 93-50863, 1995 WL 2435 (9th Cir. Jan. 5, 1995) (quoting Paskow, 11 F.3d at 881). Accordingly, the district court's judgment was proper.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3