77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel MANAGO, Defendant-Appellant.
 No. 95-10240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1996.*
Decided Feb. 16, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Manago appeals from the district court's judgment of conviction. Manago asserts that the court committed the following errors: (1) it used intended instead of probable loss in calculating the offense level, (2) it ordered Manago to pay restitution for expenses incurred in the course of the investigation, and (3) it prohibited Manago from gambling or frequenting gambling establishments during the course of his probation. We affirm the court's judgment.
 
 INTENDED LOSS
 
 3
 The court properly used intended loss to calculate Manago's offense level. This court has established that
 
 
 4
 to base an upward adjustment on a "loss," the government need only show, by a preponderance of the evidence, the amount of the intended loss. [United States v. Joetzki, 952 F.2d 1090, 1096 (9th Cir.1991) ]; see also United States v. Koenig, 952 F.2d 267, 271-72 (9th Cir.1991). Moreover, the amount of loss that the conspirators intended to inflict does not have to be realistic, Koenig, 952 F.2d at 271; nor does the fact that the instrument was "obviously fraudulent" reduce the amount of loss calculated under section 2F1.1. Joetzki, 952 F.2d at 1096-97.
 
 
 5
 U.S. v. Lorenzo, 995 F.2d 1448, 1460 (9th Cir.), cert. denied, 114 S.Ct. 225, reh'g denied, 114 S.Ct. 589 (1993).
 
 
 6
 The preponderance of evidence in this case shows that the court made a "realistic" assessment of "what [Manago] intended" to gain by his fraudulent scheme. U.S. v. Harper, 32 F.3d 1387, 1393 (9th Cir.1994). In addition to the claims relating to automobile damages, Manago and his co-conspirators submitted to the insurance company medical bills totalling $75,850.00. The $50,000 insurance policy did not place an absolute limit on the amount Manago could obtain; for example, if they had not been caught, he and his co-conspirators could have sought additional compensation through an underinsured motorist policy or a civil suit.
 
 RESTITUTION TO THE INSURANCE COMPANY
 
 7
 The court properly ordered Manago to pay restitution to the insurance company for money it had paid to cover damages sustained by the informant's vehicle in the staged accident. The informant and insurance company suffered financial losses as a direct result of Manago's conduct. See United States v. Bachsian, 4 F.3d 796 (9th Cir.1993), cert. denied, 114 S.Ct. 901 (1994); 18 U.S.C. § 3663(a)(2). Moreover, contrary to Manago's assertion that a court cannot order restitution for expenses incurred in relation to an investigation, 18 U.S.C. § 3663(b)(4) explicitly provides that the restitution order can require the defendant to "reimburse the victim for ... expenses related to participation in the investigation or prosecution of the offense."
 
 PROHIBITION OF GAMBLING ACTIVITY
 
 8
 The court did not abuse its discretion in prohibiting Manago from gambling or frequenting gambling establishments during the course of his probation. See United States v. Johnson, 998 F.2d 696, 697-98 (9th Cir.1993). Manago has already violated parole for a previous crime; as the parole officer noted, allowing a repeat offender such as Manago to gamble creates additional difficulties for the Department of Probation in properly supervising his rehabilitation. Moreover, allowing Manago to gamble could jeopardize his ability to pay his fine, restitution and cost of supervision.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3