89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul F. SOARES, Defendant-Appellant.
 No. 95-10359.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Paul F. Soares appeals pro se his 12-month sentence imposed following entry of a guilty plea to wire fraud in violation of 18 U.S.C. § 1343. Soares contends that the district court erred by (1) imposing an employment restriction as a condition of supervised release, and (2) ordering that his sentence run consecutive to an unexpired federal sentence. We have jurisdiction under 18 U.S.C. § 3742(a) and we affirm.[1]
 
 
 3
 Soares contends that the district court erred by imposing as a condition of supervised release that Soares not be employed in a position of fiduciary responsibility without permission of his probation officer. We disagree.
 
 
 4
 Because Soares did not object to this condition of supervised release at sentencing, we review for plain error. See United States v. Ullyses-Salazar, 28 F.3d 932, 938 (9th Cir.1994), cert. denied, 115 S.Ct. 1367 (1995).
 
 
 5
 The district court did not plainly err by imposing the employment restriction as a condition of probation in light of Soares' history of abusing his fiduciary position as a trustee and the importance of protecting the public. See U.S.S.G. § 5D1.3(b) (1988); United States v. Johnson, 998 F.2d 696, 697 (9th Cir.1993). Contrary to Soares' contention, a condition of supervised release need not be related to the offense of conviction. See Johnson, 998 F.2d at 697.
 
 
 6
 Soares also contends that the district court erred by ruling that his sentence be served consecutively to his unexpired federal sentence because the offenses arose out of the same transaction or occurrence. They did not.
 
 
 7
 Because the district court knowingly declined to exercise its discretion to depart from the sentencing guidelines, we lack jurisdiction to review its decision. See United States v. Lail, 963 F.2d 263, 264 (9th Cir.1992) (per curiam) (decision to order concurrent terms under 18 U.S.C. § 3584(a) constitutes departure from sentencing guidelines).
 
 
 8
 AFFIRMED IN PART; DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Soares request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Soares' "Motion for Partial Withdrawal" is granted