122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Orville BURSHIA, Defendant-Appellant.
 No. 96-30220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the District of Montana; No. CR-95-00093-JDS Jack D. Shanstrom, Chief Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Orville Burshia appeals the district court's sentence imposed following his guilty plea to voluntary manslaughter in violation of 18 U.S.C. §§ 1153, 1112. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Burshia contends that the district court abused its discretion by imposing sexual offender treatment as a condition of supervised release. This contention lacks merit.
 
 
 4
 We review for abuse of discretion conditions of supervised release imposed by the district court. See United States v. Johnson, 998 F.2d 696, 697 (9th Cir.1993). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for purposes of imposing an appropriate sentence." 18 U.S.C. § 3661 (1994). The district court has wide latitude to consider a variety of information during sentencing, enabling the court to "insure that the punishment fits not only the crime, but the individual defendant as well." United States v. Safirstein, 827 F.2d 1380, 1384-85 (9th Cir.1987); see also United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) (holding that supervised release conditions may restrict fundamental rights in order to prevent reversion into a former crime-inducing lifestyle). A condition of supervised release need not be related to the offense of conviction. See Johnson, 998 F.2d at 697.
 
 
 5
 Here, the district court properly relied on the revised presentence investigation report ("PSR"), including a statement by Burshia, in sentencing Burshia to sexual offender treatment as a condition of supervised release. See Safirstein, 827 F.2d at 1384-85. Although the district court granted Burshia's motion to withdraw his guilty plea to abusive sexual contact, there was nonetheless reliable information justifying sexual offender treatment. See United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992) (in challenging PSR, burden is on defendant to show that disputed information is false or unreliable). Specifically, Burshia submitted a declaration wherein he stated: "I admit that I probably had sexual contact." Moreover, Burshia's statement was corroborated by a victim impact statement by the victim's mother. See United States v. Chee, 110 F.3d 1489, 1492-93 (9th Cir.1997) (holding that hearsay statements are admissible at sentencing when corroborated by independent evidence).
 
 
 6
 Accordingly, the district court was within its broad discretion in imposing the condition of sex offender treatment. See Johnson, 998 F.2d at 697; Safirstein, 827 F.2d at 1384-85.[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Burshia also contends that the district court erred by failing to make factual findings for its imposition of the condition of supervised release. The district court, however, discharges its obligation to make factual findings by adopting the conclusions of the PSR. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990)