**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Curtis James TURNER, Defendant–**
**Appellant.**

No. 01–10419.
D.C. No. CR–99–05321–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

## MEMORANDUM **

Curtis James Turner appeals the conditions of his 25 month term of supervised release imposed following his violation of the conditions of his prior term of release. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Turner did not object to the terms of his supervised release at sentencing, we review for plain error. *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir.2001). We affirm.

Turner first contends that the district court erred by requiring him to submit to warrantless searches of his person, property, home, and vehicle, as such a requirement is not reasonably related to the nature and circumstances of the offense committed. This contention lacks merit.

In addition to the three year scheme to defraud his life insurance clients for which he was convicted, the record shows that Turner violated his prior term of supervised release by breaching the terms of his house arrest, unlawfully taking a car, and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

refusing to take a drug test. The record further shows that Turner admitted to having used cocaine monthly for more than 10 years, and at sentencing on his initial supervised release violation, conceded that he was suffering from drug addiction. In light of Turner's extensive history of disregard for the law, the requirement that Turner submit to searches at the request of his probation officer was reasonable. *See United States v. Chinske*, 978 F.2d 557, 560 (9th Cir.1992) (affirming the district court's application of a search condition where the appellant had shown a significant disregard for the laws governing illegal substances).

To the extent that Turner challenges the search condition by alleging that it requires him to submit to searches regardless of whether they are reasonable, this contention also lacks merit. This court has previously held that warrantless probation department searches of a probationer's residence must be supported by reasonable suspicion. *See Latta v. Fitzharris*, 521 F.2d 246, 252 (9th Cir.1975), and there is nothing in the record to suggest that the district court here intended otherwise.

■ Turner next contends that the district court impermissibly delegated its judicial authority by mandating that he participate in a correctional drug abuse treatment program as directed by his probation officer. This contention is without merit because probation officers are mandated to supervise offenders and to enforce a sentencing court's terms and conditions of supervised release and probation. *See* 18 U.S.C. § 3603; *see also United States v. Duff*, 831 F.2d 176, 178–79 (9th Cir.1987) (holding that a probation officer has the power to order a defendant to submit to drug testing even when the court had not explicitly imposed such a condition).

Turner also contends that the district court erred by requiring him to participate in a mental health treatment program that "may include the taking of prescribed psychotropic medication." Because Turner has not, as of yet, entered a mental health program, let alone one that requires him to take psychotropic drugs, this issue is highly speculative and is not yet ripe for appellate review. *See United States v. Linares*, 921 F.2d 841, 843–44 (9th Cir. 1990) (declining to review a challenge to the conditions of supervised release based upon a hypothetical situation). Accordingly, we decline to consider it in this appeal.

■ Turner contends that the district court erred by requiring him to pay the outstanding balance owed for the portion of electronic monitoring actually served on his prior term of supervised release. This contention lacks merit as this condition is clearly related to the seriousness of the offense, can be reasonably expected to promote respect for the law, deter criminal conduct, and protect the public against further similar crimes. *See United States v. Bahe*, 201 F.3d 1124, 1127–28 (9th Cir.), *cert. denied*, 531 U.S. 1027, 121 S.Ct. 601, 148 L.Ed.2d 514 (2000); U.S.S.G. § 5E1.2(d)(7) (providing that in assessing a reasonable fine, a sentencing court shall consider the costs to the government of any term of supervised release).

■ Finally, Turner's claim that the district court erred by imposing a special condition of supervised release prohibiting him from possession of *all* controlled substances is without merit. Where an oral pronouncement of judgment is ambiguous, the written judgment prevails. *United States v. Garcia*, 37 F.3d 1359, 1369–69 (9th Cir.1994). Here, because the oral pronouncement contained a condition which may require Turner to possess controlled substances, while simultaneously prohibiting him from doing so, it is clearly

ambiguous. Accordingly, the written judgment, which prohibits only the possession of illegal controlled substances and thus resolves the ambiguity of the oral pronouncement, prevails. *Garcia*, 37 F.3d at 1368–69.

AFFIRMED.