**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gabriel GONZALEZ–LARREA, a/k/a Gabriel Larrea Gonzales, Roberto Martinez Solano, Roberto Solano Martinez, Roberto Solono, Gabriel Gonzalez Lama, Alberto Campo Pedroza, Alberto Pedroza Campos and Gabriel Gonzalez, Defendant—Appellant.**

**No. 05–50688.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2006.

Submission Withdrawn Oct. 23, 2006.

Resubmitted July 1, 2007.

Filed Sept. 17, 2007.

Becky S. Walker, Esq., Brian M. Hoffstadt, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Thomas E. Loeser, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Grace McLean, Esq., Miami, FL, for Defendant–Appellant.

Before: JOHN R. GIBSON,* FISHER and CALLAHAN, Circuit Judges.

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Gabriel Gonzalez–Larrea appeals his 70–month sentence for illegally reentering the United States following deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He argues that the district court did not give a sufficiently specific statement of reasons for the sentence and that the sentence, which is at the bottom of the applicable Guidelines range, is unreasonable. Contrary to the government's position, we have jurisdiction to review the reasonableness of a within-Guidelines sentence, *see United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir.2006), and we affirm.

■ Gonzalez–Larrea did not object to the sufficiency of the district court's statement of reasons at sentencing, so we review that statement for plain error. *United ed States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir.2006). We conclude that the district court's statement of reasons complies with the requirements of 18 U.S.C. § 3553(c). The court stated that it had considered the Guidelines as advisory, acknowledged Gonzalez–Larrea's request for a departure based on his "good Samaritan conduct" at an accident scene five years before, and concluded that most of the section 3553(a) factors were covered by the framework for the Guidelines sentence. It further commented on the deterrence sentencing factor and the need to avoid disparity in sentencing, reasoning that Gonzalez–Larrea's multiple previous convictions and "repeated returns to the United States after deportation" made the 70–month sentence appropriate. Gonzalez–Larrea contends that the court only superficially acknowledged his request for a departure without addressing the substance of that request, and that it failed to give meaningful consideration to the statutory factors

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

by commenting only on the deterrence and sentencing disparity factors. However, the district court was not required to consider each section 3553(a) factor in checklist fashion, and it is evident from the sentencing hearing transcript that the court was simply unpersuaded by Gonzalez–Larrea's good Samaritan argument. *See United States v. Sylvester Norman Knows His Gun, III,* 438 F.3d 913, 918 (9th Cir.2006) (quoting *United States v. Johnson,* 998 F.2d 696, 698 (9th Cir.1993)). There was thus no plain error in the district court's statement of reasons for the sentence imposed.

Next, we review Gonzalez–Larrea's sentence for reasonableness. *See United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Gonzalez–Larrea had a total offense level of 21 and his prior offenses placed him in criminal history category V under the Guidelines, so the applicable Guidelines range was 70 to 87 months. Citing precedent from other circuits, the government contends that the 70–month sentence is presumptively reasonable because it is within the Guidelines range. *See United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005); *see also United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006); *United States v. Lincoln,* 413 F.3d 716, 717 (8th Cir.2005). While courts of appeals are permitted to extend a rebuttable presumption of reasonableness to sentences within the Guidelines range, *see Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2462–63, 168 L.Ed.2d 203 (2007), this circuit has never formally adopted such a presumption, and *Rita* does not require us to do so.

We conclude that Gonzalez–Larrea's sentence is reasonable in light of the factors set forth in section 3553(a). *See Plouffe,* 445 F.3d at 1131. Gonzalez–Larrea argues that the sentence fails to reflect

mitigating aspects of his personal history and characteristics, including the aid he rendered to the accident victim in 2000 and his efforts to support his family in San Diego. While Gonzalez–Larrea's personal history and characteristics are proper considerations in sentencing under section 3553(a), other statutory considerations justify Gonzalez–Larrea's sentence. It was reasonable for the district court to consider Gonzalez–Larrea's family commitments and the single instance of aid he rendered to a stranger yet still conclude that, in light of his prior convictions for serious offenses and his repeated illegal entries after deportation, a 70–month sentence at the bottom of the Guidelines range would deter Gonzalez–Larrea from committing the offense again without creating unwarranted disparities.

For the above reasons, we affirm the sentence.

AFFIRMED.