FILED

**NOT FOR PUBLICATION**

JAN 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50481 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01089-R-1 |
| v. | |
| DAVID HAN, AKA Ki Jong Han, AKA Young He Kim, AKA Renshou Ma, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 4, 2013
Pasadena, California

Before: WATFORD and HURWITZ, Circuit Judges, and SMITH, Chief District Judge.[**]

Appellant David Han was sentenced to 37 months imprisonment and a five

year term of supervised release, including conditions requiring him to perform

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

community service and abstain from consuming alcohol, following his guilty plea in relation to a mortgage fraud scheme. Han appeals his sentence, claiming that the district court (1) erroneously calculated the loss attributable to him and thus determined an improper sentencing guideline range; (2) failed to resolve factual disputes in violation of Federal Rule of Criminal Procedure 32 ("Rule 32"); and (3) failed to provide required advance notice of the community service and alcohol-related supervised release conditions, also in violation of Rule 32. We affirm.

1.     Loss Calculation

We review the district court's interpretation of the sentencing guidelines de novo, application of the guidelines to the facts for abuse of discretion, and factual findings for clear error. *United States v. Lambert*, 498 F.3d 963, 966 (9th Cir. 2007). "In order to determine the defendant's accountability for the conduct of others . . . the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake . . . [t]he conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant is relevant conduct under this provision." *U.S. Sentencing Guidelines Manual* ("USSG") § 1B1.3 cmt. n.2 (2010).

Appellant contends that the district court erred in applying a 16-level enhancement under the sentencing guidelines for total losses exceeding $1,000,000, arguing that he should not have been held responsible for approximately $326,000 obtained as a result of fraudulent checks that were issued and cashed in his name. Appellant maintains that he did not sign these counterfeit checks or access these funds. The losses for which he should have been held accountable, Appellant suggests, are less than $1,000,000, and therefore a 14-level enhancement would have been appropriate. *See id.* at § 2B1.1(b)(1) (2013).

In finding that the 16-level enhancement applied, the district court had been presented with sufficient evidence to conclude that Appellant was responsible for the full scope of the scheme's losses, irrespective of his involvement in the counterfeit checks. For example, the evidence indicated that Appellant collaborated with two brokers who arranged the scheme, provided him with false identification, and helped him to complete the mortgage paperwork. The evidence also indicated that Appellant took instructions from the brokers and retained approximately 30% of the scheme's proceeds, while the brokers shared the remaining 70%. Given this close collaboration, the district court did not abuse its discretion in finding that the losses associated with the counterfeit checks were in furtherance of the scheme and reasonably foreseeable to Appellant.

2.      Factual Dispute Resolution

We review the district court's compliance with Rule 32 de novo. *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009). When the district court does not make required Rule 32 findings at the sentencing hearing, we must remand for resentencing. *United States v. Thomas*, 355 F.3d 1191, 1200 (9th Cir. 2004). However, to comply with Rule 32, the district court need not expressly resolve a defendant's purely legal objections to the presentence report. *See, e.g.*, *Grajeda*, 581 F.3d at 1188-89.

The presentence report ("PSR") in this case concluded that it could not be determined who signed and drew the counterfeit checks. Nevertheless, the PSR recommended that Appellant be held responsible for the losses associated with the counterfeit checks as relevant conduct. *See* USSG § 1B1.3(a)(1)(B). Appellant objected to this recommendation on grounds that the evidence of his involvement with the counterfeit checks was insufficient.

Appellant contends that the district court violated Rule 32 when it failed to resolve this objection prior to imposing sentence. But, that objection did not call into question factual matters contained in the PSR. Indeed, the PSR effectively reached the same conclusion as Appellant: it could not be established that he signed or accessed funds made available by the counterfeit checks. The PSR's

recommendation that Appellant nonetheless be held responsible for the counterfeit checks as relevant conduct, and Appellant's resulting objection to that recommendation, raise legal rather than factual issues. In these circumstances, the district court was under no obligation to resolve Appellant's objection.

3.      Advance Notice of Supervised Release Conditions

"Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h). "Where a condition of supervised release is not on the list of mandatory or discretionary conditions in the sentencing guidelines, notice is required before it is imposed . . . ." *United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004). Because the sentencing guidelines contemplate both of the supervised release conditions at issue in this case – community service and an alcohol prohibition – we reject Appellant's argument that the district court was required to give him advance notice of these conditions.

"Community service may be imposed as a condition of supervised release." USSG § 5D1.3(e)(3). Appellant contends that the district court's imposition of a 20 hour per week community service obligation was excessive and required advance notice. We disagree. The district court afforded Appellant substantial

flexibility, excusing him from community service obligations in the event that he becomes employed, is engaged in schooling or training, or is otherwise excused by his probation officer for acceptable reasons.

The sentencing guidelines clarify further that a standard condition of supervised release may be for the defendant to "refrain from excessive use of alcohol . . . ." *Id.* at § 5D1.3(c)(7). Appellant highlights for us the distinction between a ban on the "excessive" use of alcohol, and the blanket prohibition on consumption at issue here. We have previously approved of complete bans on drugs and/or alcohol in cases such as this, where evidence indicates that the defendant's criminal behavior resulted from substance abuse. *See, e.g.*, *United States v. Sales*, 476 F.3d 732, 735-36 (9th Cir. 2007); *United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir. 2006); *United States v. Johnson*, 998 F.2d 696, 699 (9th Cir. 1993); *United States v. Miller*, 549 F.2d 105, 107 (9th Cir. 1976). We view the complete ban on alcohol consumption imposed by the district court as merely having amplified the standard condition in the guidelines, and we note the appropriateness of such a condition in this case where ample evidence suggests that Appellant undertook his criminal activity in large part due to an untreated alcohol addiction.

**AFFIRMED**.