**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10420 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00065-GMS-1 |
| v. | |
| CURTIS RAY MANUEL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted July 19, 2016[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and EDMUNDS,[***] Senior
District Judge.

Curtis Ray Manuel pled guilty to one count of abusive sexual contact with a

child in violation of 18 U.S.C. § 2244. The district court sentenced him to 187

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Nancy G. Edmunds, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

months of imprisonment and imposed a lifetime term of supervised release. Manuel now asserts, for the first time on appeal, that four of his special conditions of supervised release are constitutionally infirm. Because Manuel failed to raise these challenges before the district court, we review his conditions of supervised release for plain error, *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003), and affirm.

Manuel's first challenge relates to special condition five, prohibiting him from possessing, viewing, or otherwise using "any . . . material that is sexually stimulating, sexually oriented, *or deemed to be inappropriate* by the probation officer and/or treatment provider." (Emphasis added.) Specifically, Manuel argues that the emphasized clause is vague and overbroad. But the district court, in its oral pronouncement, limited this restriction to "material that is sexually stimulating or sexually oriented," considerably cabining the probation department's discretion. The oral pronouncement controls. *United States v. Hicks,* 997 F.2d 594, 597 (9th Cir. 1993). The resulting condition is permissible. *United States v. Bee*, 162 F.3d

1232, 1235 (9th Cir. 1998). Accordingly, we amend the judgment to reflect the district court's oral pronouncement of special condition five.[1]

Next, Manuel argues that special condition eight, prohibiting him from having "contact with children under the age of 18, including [his] own children, without prior written permission" is procedurally and substantively unreasonable. The district court erred by failing to conduct an individualized review on the record of his relationship with all affected family members before imposing this condition. *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012). But the district court's failure to comply with *Wolf Child* did not affect Manuel's substantial rights because the record shows a significant history of relevant sexual misconduct. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (stating requirement of prejudice for reversible plain error). We therefore affirm the imposition of special condition eight.

Manuel's final challenge relates to special conditions twelve and thirteen, both of which empower the probation department to monitor and restrict his financial activity. Monitoring Manuel's spending—and restricting his ability to

---

[1] In pertinent part, special condition five should be amended as follows: "You shall not possess, view, or otherwise use any other material that is sexually stimulating or sexually oriented deemed to be inappropriate by the probation officer."

3

make major purchases without the prior approval of probation—is reasonably related to deterrence and rehabilitation. *See United States v. Johnson*, 998 F.2d 696, 697 (9th Cir. 1993) (holding that conditions of supervised release "may be unrelated to one or more of the [§ 3553(a)] factors, so long as they are sufficiently related to the others"). These conditions will help ensure that Manuel acts responsibly after he is released, maintains gainful employment, and does not continue spending money on drugs and alcohol; contributing to his well-documented history of substance abuse. Finally, even assuming error, Manuel fails to show how—if at all—such an error affected his substantial rights.

Accordingly, we affirm the four challenged special conditions imposed by the district court with instructions to amend the written judgment consistent with this order.

**AFFIRMED with instructions to amend.**