NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 24-1786 |
| Plaintiff - Appellee, | 24-1787 |
| v. | D.C. Nos.<br>4:23-cr-01198-JCH-LCK-1<br>4:22-cr-01565-JCH-LCK-1 |
| CRISTIAN EMMANUEL RAGIO-<br>CONRRIQUEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted June 5, 2025**
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Cristian Emmanuel Ragio-Conrriquez ("Appellant") appeals from the

district court's judgment sentencing him to 57 months in custody and three years of

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

On May 2, 2023, Appellant was sentenced to 13 months and a day imprisonment and three years of supervised release for illegal reentry of a removed alien. Appellant was deported on May 27, 2023, and on July 21, 2023, less than two months after deportation, Appellant again attempted to illegally reenter the United States, resulting in a conviction for attempted illegal reentry and a violation of his supervised release. Appellant was sentenced to 57 months' imprisonment and eight concurrent months for the supervised release violation.[1] The district court also imposed a new 36-month term of supervised release.

In his appeal, Appellant argues that (1) the district court committed procedural error by failing to address a downward variance based on cultural assimilation under 18 U.S.C. § 3553(a) and the U.S. Sentencing Guidelines Manual, § 2L1.2, cmt. n.8 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G.]; (2) the 57-month sentence was substantively unreasonable; and (3) the district court erred by imposing thirteen standard conditions of supervised release even though Appellant will be deported after his custodial sentence.

We review for plain error Appellant's arguments regarding the district court's failure to address a downward variance based on cultural assimilation and the imposition of thirteen standard conditions of supervised release because

---

[1] Appellant does not assert any arguments specific to his concurrent eight-month sentence on appeal.

Appellant failed to object to these issues at sentencing. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010); *United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (internal quotation marks and citation omitted). If these conditions are met, the reviewing court has the discretion to grant relief so long as the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citation omitted).

The substantive reasonableness of a sentence, whether objected to or not at sentencing, is reviewed for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). The district court abuses its discretion when it "makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc) (citation omitted).

1. Although "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them," "when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir.

2008) (en banc). Still, district courts need not "list their resolution of every assertion made by counsel or the defendant at sentencing." *United States v. Petri*, 731 F.3d 833, 840 (9th Cir. 2013).

Appellant did not request a downward variance based on cultural assimilation in his sentencing memorandum or his arguments at sentencing. Instead, he asserted that he attempted to reenter the United States because his wife feared for their children's safety in Mexico, and that he wanted to remain with his wife and children. *See* U.S.S.G. § 2L1.2, cmt. n.8 (stating that a downward variance based on cultural assimilation "should be considered only in cases where [the defendant's] cultural ties [to the United States] provided the primary motivation for the defendant's illegal reentry"). Despite Appellant's lack of argument regarding cultural assimilation, the district court nonetheless considered and analyzed factors relevant to a downward departure based on cultural assimilation as discussed in Commentary Note 8 of Section 2L1.2 of the U.S. Sentencing Guidelines. U.S.S.G. § 2L1.2, cmt. n.8 (instructing courts to consider, among other factors, the seriousness of a defendant's criminal history and whether a defendant engaged in additional criminal activity after illegally reentering the United States).

Specifically, the district court stated: (1) that Appellant returned "within two months of being deported," (2) that the guideline range was "very high," (3) that

Appellant was "facing two sentences, not one," (4) that the district court had warned Appellant at his first sentencing only months before, (5) that Appellant was "a Criminal History Category 5" when the "highest in the Federal system is 6," (6) that Appellant had been "involved in distributing marijuana on multiple occasions" and had "done long sentences before," and (7) that Appellant "present[ed] a danger to the community." *See also* U.S.S.G. § 2L1.2, cmt. n.8 (stating that a downward variance based on cultural assimilation should not be considered unless it "is not likely to increase the risk to the public from further crimes of the defendant").

Given that Appellant did not request a downward variance based on cultural assimilation and that the district court considered and analyzed factors relevant to a downward departure based on cultural assimilation, the district court did not plainly err.

2. The district court's adoption of a 57-month sentence was not an abuse of discretion. "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Tosti*, 733 F.3d 816, 824 (9th Cir. 2013) (internal quotation marks and citation omitted). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Id*. (internal quotation marks and citation omitted).

After adopting the presentence report's U.S. Sentencing Guideline

calculations, to which no party objected, the district court sentenced Appellant to the low end of the sentencing guideline range. A court of appeals "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." *Rita v. United States*, 551 U.S. 338, 347 (2007). Given the district court's "proper application of the Sentencing Guidelines" through consideration of the § 3553(a) factors, the district court's within-guidelines sentence was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

3. The district court's imposition of thirteen standard conditions of supervised release did not constitute plain error. A district court has "broad discretion" in imposing conditions of supervised release. *United States v. Chinske*, 978 F.2d 557, 559-60 (9th Cir. 1992). Even assuming *arguendo* that the district court erred by imposing all thirteen standard conditions without explaining whether Appellant is subject to the conditions only if he reenters the United States, "[a]n error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. Wijegoonaratna*, 922 F.3d 983, 991 (9th Cir. 2019) (citation omitted). There is no controlling authority to support Appellant's contention that imposing supervised release conditions when a defendant likely faces future deportation

constitutes error. Moreover, given that Appellant has four prior deportations, the district court was well within its discretion to impose conditions in the event Appellant were to reenter the United States. *Cf. United States v. Valdavinos-Torres*, 704 F.3d 679, 692–93 (9th Cir. 2012) (explaining that imposing supervised release on a deportable alien is not substantively unreasonable if the district court gives "a specific and particularized explanation that supervised release [will] provide an added measure of deterrence and protection based on the facts of [the] case" (citation omitted)). Thus, Appellant has not shown error that is "so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *Claiborne v. Blauser*, 934 F.3d 885, 898 (9th Cir. 2019) (citation omitted).

**AFFIRMED.**