**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CIRO M. BARAJAS,

    Defendant-Appellant.

No. 02-3194

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. CR-01-10135-01-JTM)**

---

Submitted on the briefs:

Steven K. Gradert, Assistant Federal Public Defender (David J. Phillips, Federal Public Defender, with him on the brief), Wichita, Kansas, for Defendant-Appellant.

David M. Lind, Assistant United States Attorney (Eric F. Melgren, United States Attorney, with him on the brief), Wichita, Kansas, for Plaintiff-Appellee.

---

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

---

**HARTZ** , Circuit Judge.

---

After pleading guilty to a firearms offense, Defendant Ciro M. Barajas was sentenced to a term of imprisonment, to be followed by three years of supervised release. The district court imposed several conditions on that release, including that Defendant (1) pay child support as ordered by state authorities and (2) participate in a program for mental health treatment. On appeal Defendant challenges those two conditions, arguing that they were imposed without proper presentence notice and that they are not reasonably related to his crime of conviction. We exercise jurisdiction under 18 U.S.C. § 3742 and affirm.[1]

## I. BACKGROUND

Because Defendant's appeal concerns only the conditions of his supervised release, we can briefly set out the relevant background. On February 25, 2002, Defendant pleaded guilty to a one-count indictment charging him with being a prohibited person (a convicted felon) in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) calculated Defendant's total offense level under the United States Sentencing Guidelines (USSG) as 17, with a corresponding Guideline range of 37 to 46 months' imprisonment. Reflected in the PSR was Defendant's history of violent behavior,

---

[1]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

including five prior convictions involving assault, battery, and domestic violence, as well as a number of other violent incidents that did not result in convictions. The PSR also noted that Defendant owed $7,890 in child support stemming from a prior court order, although he was not currently required to provide monthly support. The PSR advised that the court could impose up to three years of supervised release, but it did not recommend that any particular condition be imposed.

The district court sentenced Defendant to 37 months' imprisonment and three years' supervised release. At issue on appeal are two conditions imposed on that release: First, the court ordered Defendant "to make regular monthly child support payments in accordance with [any] payment plan established by state authorities," and to pay the $7,890 he owed in child support arrearages. R., Vol. 2, Doc. 29, at 4, 5. Second, citing Defendant's "history of incidents involving violence," the court ordered him to "participate in an approved program for mental health, which may include psychological counseling . . . at the direction of the U.S. Probation Officer." *Id.* The court then asked defense counsel, and Defendant himself, whether they had any objections to the sentence. Although they addressed other matters, neither raised any concerns about the conditions of supervised release.

## II. DISCUSSION

A. Notice

Defendant first complains that he did not receive notice before the sentencing hearing that he might be subject to the two challenged conditions of release. Despite Defendant's failure to mention lack of notice when the sentencing court provided an opportunity to object to the proposed sentence, the issue is not necessarily waived. Under certain special circumstances we will consider a failure-of-notice claim even when it is not raised below. In *United States v. Bartsma*, 198 F.3d 1191 (10th Cir. 1999), the defendant, who had been convicted of being a felon in possession of a firearm, was required to register as a sex offender as a special condition of supervised release. At the sentencing hearing, defense counsel failed to take advantage of the opportunity to object to this condition or to lack of notice that the condition might be imposed. Nevertheless, we held that the defendant did not waive his right to challenge on appeal either the imposition of the condition or the lack of notice, observing that "[n]either party had any inkling the district court was considering imposing the sex offender registration requirement, so both sides were utterly unprepared to make reasoned arguments to the court." *Id.* at 1199 n.6.

This case is distinguishable from *Bartsma*. Here, defense counsel had constructive notice that the challenged conditions of release might be imposed. As we explain below, the challenged conditions are among the recommended conditions set forth in the Sentencing Guidelines, and the factual predicates for

their imposition were fully addressed in the PSR. Accordingly, Defendant's failure-of-notice claim must be rejected.

Before discussing further the presence of constructive notice in this case, we emphasize that we are not holding that Defendant was in fact entitled to such notice. *Bartsma* "d[id] not create a rule. . . requiring notice prior to the imposition of every. . . condition of supervised release." *Id.* at 1200 n.7. Rather, the *Bartsma* holding was limited to the "unique facts" of that case. *Id.* *Bartsma* noted that the condition requiring the defendant to register as a sex offender "implicated a liberty interest, and there was a lack of any obvious nexus between the condition and the crime of conviction. Fundamental fairness requires notice—either actual or constructive—under these circumstances." *Id.* By implication, presentence notice is not required for some other conditions of release—perhaps most conditions. *See, e.g., United States v. Brown*, 235 F.3d 2, 5 (1st Cir. 2000) (notice not required before imposing "stay dry" condition); *United States v. Warren*, 186 F.3d 358, 366 n.5 (3d Cir. 1999) (notice not required before imposing travel restriction); *United States v. Mills*, 959 F.2d 516, 519 (5th Cir. 1992) (notice not required before imposing "occupational restriction"); *United States v. Lopez*, 258 F.3d 1053, 1056 (9th Cir. 2001) (notice not required before imposing condition that defendant participate in a mental health treatment program).

In any event, in this case Defendant was afforded constructive notice of the possibility that he would be subject to the conditions that he pay child support and undergo counseling. We begin with the condition that Defendant pay child support ordered by state authorities. Under 18 U.S.C. § 3583(d), a district court is authorized to impose as conditions of supervised release any of the discretionary conditions of probation listed under 18 U.S.C. § 3563(b), including that a defendant "support his dependents and meet other family responsibilities," *id*. § 3563(b)(1), and "comply with the terms of any court order . . . requiring payments by the defendant for the support and maintenance of a child . . . ." *Id.* § 3563(b)(20).

The Sentencing Guidelines track the statute. The condition that a defendant support his or her children and comply with child-support orders, § 5D1.3(c)(4), is among the "'standard' conditions . . . recommended for supervised release." USSG § 5D1.3(c). In fact, District of Kansas Standing Order 88-6 mandates this recommendation. The Order states "that all persons placed on . . . supervised release by any judge . . . of this district, in addition to any special conditions ordered by the judge . . . , shall comply with the following conditions of . . . supervised release: . . . (5) The person shall support his or her dependents and meet other family responsibilities."

Similarly, § 3583(d) authorizes a district court to impose the conditions that the defendant "undergo available medical, psychiatric, or psychological treatment," 18 U.S.C. § 3563(b)(9); and the condition that the defendant participate in an approved mental health program is a "special" condition recommended by the Guidelines "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment . . . ." USSG § 5D1.3(d)(5). We agree with the Ninth Circuit that "participating in a mental health program is listed in the [G]uidelines among the discretionary conditions of supervised release *to which all defendants are alerted.*" *Lopez*, 258 F.3d at 1056 (emphasis added).

In light of the facts detailed in the PSR, Defendant could not have been caught off-guard by the court's determination that he should undergo mental health counseling. The PSR contains 14 paragraphs describing violent behavior by Defendant dating back to 1989, including five prior convictions for domestic violence, assault, aggravated battery, and battery.

We hold that Defendant was afforded constructive notice that the district court could require him to pay child support and undergo mental health counseling as conditions of supervised release. *Cf. Brown*, 235 F.3d at 4 ("[T]he [G]uidelines contemplate (and give the [defendant] constructive notice) that the sentencing court will tailor supervised release conditions to fit the circumstances

-7-

of the offense and the characteristics of the offender. Consequently, a defendant rarely, if ever, will be able to claim unfair surprise when the sentencing court establishes the conditions of supervised release." (internal citation omitted)). To be sure, there may be occasions when a defendant has a good reason for not being prepared to address at sentencing the imposition of a condition of supervised release listed in the Sentencing Guidelines. In such a circumstance the district court can exercise its sound discretion to grant a continuance. Here, however, Defendant has not suggested any reason why his counsel could not have anticipated the conditions imposed by the district court.

B. Propriety of the conditions

Next, Defendant argues that the district court erred in imposing the two conditions because they are not reasonably related to his crime of conviction. Because Defendant failed to raise this objection below, we review for plain error, *United States v. Fabiano*, 169 F.3d 1299, 1307 (10th Cir. 1999). We find no such error here.

Under 18 U.S.C. § 3583(d) a court may impose a nonmandatory condition of supervised release to the extent that the condition:

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 944(a)[.]

Section 3553(a), referenced in § 3583(d), is entitled "Factors to be considered in imposing a sentence," and states:

> (a) The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> . . . .
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

This language in § 3553(a) is repeated in § 5D1.3(b) of the Sentencing Guidelines. For convenience, we will cite only to the statute.

Only the first of the three requirements of § 3583(d) is at issue here. Defendant does not contend that the conditions imposed deprive him of "greater . . . liberty than is reasonably necessary," 18 U.S.C. § 3583(d)(2), or that they are inconsistent with "policy statements  issued by the Sentencing Commission . . . ." *Id.* § 3583(d)(3).

As for the requirement of § 3583(d)(1)—that the condition must be "reasonably related to the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)"—Defendant complains only that the two conditions imposed here are not reasonably related to the first listed factor, "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  In fact, he focuses only on the first portion of that factor—"the nature and circumstances of the offense."  Implicit in his argument is the assumption that a condition of supervised release must be reasonably related to every item set forth in the list of factors.

We disagree with this premise.  True, § 3583(d)(1) states that a condition of supervised release must be "reasonably related to the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), *and* (a)(2)(D)."  (emphasis added).  Yet every circuit to have decided the issue has held that a condition of supervised release may be imposed despite not being related to every enumerated factor, so long as it is reasonably related to one or more of the factors.  *See United States v. Brown*, 235 F.3d 2, 6 (1st Cir. 2000); *United States v. Abrar*, 58 F.3d 43, 46 (2d Cir. 1995) ("[D]espite the continuous use of the . . . conjunctive 'and[,]' . . . a condition may be imposed if it is reasonably related to any one or more of the specified factors.");  *United States v. Sicher*, 239 F.3d 289, 291 (3d Cir. 2000); *United States v. Kent*, 209 F.3d 1073, 1076 n.3 (8th Cir. 2000) ("The special

condition imposed need not be related to each and every one of the factors.");

*United States v. Johnson*, 998 F.2d 696, 698 (9th Cir. 1993) (§ 3553(a) contains "a list of factors to guide the district court's discretion rather than a checklist of requisites, each of which must be found before any condition of supervised release may be prescribed"); *United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000) ("As a matter of law, the special condition imposed need not be related to each factor listed . . . . Instead, each factor is an independent consideration to be weighed.").

We agree with these decisions. As noted by the Ninth Circuit in *Johnson*, the statute describes the items as "factors." Ordinarily, "factors" are thought of as items for consideration, not as "prerequisites to be satisfied." *Johnson*, 998 F.2d at 698. To construe § 3553(a) as requiring every condition to be reasonably related to all the listed factors would lead to results that certainly were not intended. A number of routinely imposed conditions would be invalidated. For example, it is difficult to see how the "standard" conditions requiring a defendant to "notify the probation officer at least ten days prior to any change of residence or employment," USSG § 5D1.3(c)(6), and prohibiting a defendant from "enter[ing] into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court," *id.* § 5D1.3(c)(12), would ever be reasonably related to "provid[ing] the defendant with needed

-11-

educational or vocational training, medical care, or other correctional treatment . . . ." 18 U.S.C. § 3553(a)(2)(D). We therefore hold that although the district court should consider each enumerated factor when deciding whether to impose a condition of supervised release, and that "none of them, whenever applicable, should be ignored altogether," *United States v. White*, 244 F.3d 1199, 1204 (10th Cir. 2001) (internal quotation marks omitted), it is not necessary for a condition to be reasonably related to all the factors identified in § 3553(a).

Having resolved this issue, we can quickly dispose of Defendant's claims that the district court erred when it imposed the conditions requiring him to pay child support and undergo mental health counseling. As Defendant appears to concede, the two conditions bear a reasonable relationship to his "history and characteristics." Defendant's long record of violent incidents supports the district court's conclusion that Defendant needed mental health counseling. *See Bull*, 214 F.3d at 1278 (condition requiring defendant to undergo mental health counseling affirmed where PSR reflected defendant's history of incidents involving threats and violence). Likewise, Defendant's $7,890 debt for child support validates the district court's imposition of the condition that he make child support payments. The conditions imposed also reasonably relate to other factors listed in § 3553(a), including the needs to deter future criminal conduct, to protect the public from future crimes, and to provide Defendant with needed medical care. *See*

-12-

*United States v. Lakatos*, 241 F.3d 690, 693 (9th Cir. 2001) (requiring child-support payments is related to several statutory factors). "District courts have broad discretion to fashion conditions of supervised release." *Fabiano*, 169 F.3d at 1307. We conclude that the district court did not plainly err in imposing the conditions.

## III. **CONCLUSION**

We AFFIRM the judgment of the district court.

United States v. Barajas, No. 02-3194

**Henry**, J., concurring

I agree with the majority that the district court did not plainly err in imposing the conditions of supervised release regarding the payment of child support and participation in a mental health treatment program. I write separately to emphasize that our opinion in United States v. Bartsma, 198 F.3d 1191 (10th Cir. 1999), remains good law.

In Bartsma, we concluded that when a special condition of supervised release implicates a liberty interest and when there is "a lack of any obvious nexus between the condition and the crime of conviction," a defendant must be notified (either actually or constructively) of the proposed condition before it may be imposed. Id. at 1200 n.7. I read our opinion here as assuming, without deciding, that the conditions imposed on Mr. Barajas implicated a liberty interest and as further concluding that Mr. Barajas received constructive notice of the possibility that he would be subject to the conditions imposed. Cf. Vitek v. Jones, 445 U.S. 480, 494 (1980) (holding that "the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, coupled with the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of liberty that requires procedural protections"). In light of statutory and Guidelines provisions and the

District of Kansas Standing Order noted by the majority, I agree that        Mr. Barajas

received constructive notice.