United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10839
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABINO LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-5-2
--------------------

Before SMITH, WEINER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gabino Lopez appeals his guilty-plea conviction and the 80-month sentence he received for conspiracy to possess with the intent to distribute and possession with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b), and 846.

Lopez first challenges venue in the Northern District of Texas for the conviction, arguing that there was insufficient evidence of an offense in that district. Venue may be waived by a plea of guilty. See Baeza v. United States, 543 F.2d 572, 573 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1976); United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002). Lopez does not challenge the plea itself, and the plea operated as a waiver of the alleged venue defect. Even if Lopez had not waived the issue by his guilty plea, the facts to which Lopez admitted in his guilty plea were sufficient to establish venue in the Northern District of Texas. See United States v. Davis, 666 F.2d 195, 199 & n.5 (5th Cir. 1982) (venue proper in any district in which offense is begun, continued, or completed); United States v. Solis, 299 F.3d 420, 445 & n.77 (5th Cir. 2002) (to establish venue, Government need only prove overt act in furtherance of conspiracy by any co-conspirator in appropriate district).

Lopez additionally challenges this court's prior holding that a district court has the authority to order a sentence to be run consecutively to a yet-to-be imposed sentence. United States v. Brown, 920 F.2d 1212, 1216-17 (5th Cir. 1991), overruled on other grounds, United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006). Lopez does not argue that his particular sentence, including the order that it run consecutively to a future state sentence, was unreasonable, but rather that the Brown rule generally should be overruled. One panel of this court may not overrule the decision of a prior panel in the absence of en banc reconsideration or a superseding Supreme Court decision. United States v. Lipscomb, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

The district court's judgment is AFFIRMED.