United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20165
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETE JOE VILLEGAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-238
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:

Pete Joe Villegas was convicted by a jury of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) (count one), and one count of possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Records, in violation of 26 U.S.C. §§ 5861(a), 5871 (count two). Villegas appeals, arguing principally that the district court erred by failing to instruct the jury that it had to make a unanimous finding as to at least one of the nine firearms alleged in count one. We AFFIRM.

We review the district court's refusal to give a requested jury instruction for abuse of discretion. United States

v. Correa-Ventura, 6 F.3d 1070, 1076 (5th Cir. 1993). This court has not had occasion to address the precise issue presented here - whether a specific unanimity instruction is required when multiple firearms are alleged in a single count charging a violation of § 922(g). Nevertheless, the opinion in Correa-Ventura and the Supreme Court's subsequent decision in Richardson v. United States, 526 U.S. 813 (1999), establish an analytical framework for determining whether unanimity as to underlying facts supporting a conviction is required. Also persuasive are the opinions of our sister circuits in United States v. Verrecchia, 196 F.3d 294 (1st Cir. 1999), and United States v. DeJohn, 368 F.3d 533 (6th Cir. 2004).

Although the right to a jury trial carries with it a right to a unanimous verdict, absolute factual concurrence is not mandatory and, indeed, would be unworkable. See Correa-Ventura, 6 F.3d at 1077-78. The duty of the court is to determine which facts are necessary to constitute the crime and to require consensus on those facts. Id. In making this determination, courts should consider several factors, including statutory language and construction, legislative intent, historical treatment of the crime by the courts, duplicity concerns with respect to defining the offense, and the likelihood of juror confusion in light of the specific facts of the case. Id. at 1082. A court should also consider the risk that allowing the jury to avoid addressing specific factual details will cover up disagreement among the jurors about the defendant's conduct, or that the jury

2

might convict based on evidence that generally paints the defendant in a bad light rather than focusing on the facts of the case. See Richardson, 526 U.S. at 820. Further, a court should ask whether defining a crime that allows a jury to convict while disagreeing about means "risks serious unfairness and lacks support in history or tradition." Id.

To begin, the plain language of § 922(g) prohibits any person falling into one of nine categories from "possess[ing] in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). This language states that the element of the offense is possession of any firearm. See Verrechia, 196 F.3d at 298. Moreover, the fact that Congress juxtaposed an extensive list of specific categories of persons prohibited from such possession - felons, fugitives, illegal drug users and addicts, the mentally ill, illegal aliens, persons discharged dishonorably from the military, citizens who have renounced their citizenship, persons subject to certain restraining orders, and persons convicted of domestic violence - with the general term "any firearm" indicates that the focus of § 922(g) is on the types of persons prohibited from possession. See id. at 299.

The penalty provisions also emphasize the felon rather than the firearm, as they turn not on the nature or quantity of weapons but on the characteristics of the offender, such as his knowing possession, his prior convictions, and whether the offender qualifies for certain exceptional relief because he is not a threat to public safety. See id.

3

The legislative history of § 922(g) likewise indicates that the statute's emphasis is on preventing certain types of persons from having access to firearms. See Ball v. United States, 470 U.S. 856, 863 n.12 (1985) (noting statement of Senator Tydings that the statute was designed primarily to restrict access of criminals, juveniles, and fugitives to handguns); Verrechia, 196 F.3d at 300 (setting out legislative history demonstrating that Congress's intent was to keep firearms out of the hands of felons and others who could be dangerous); United States v. Berry, 977 F.2d 915, 919 (5th Cir. 1992) (the "evil Congress sought to suppress by section 922 was the arming of felons; the section is based on the status of the offender and not the number of guns possessed").

With respect to duplicity concerns, a violation of § 922(g) based on simultaneous possession of multiple firearms has been treated uniformly as a single offense regardless of the number of weapons involved. See United States v. Hodges, 628 F.2d 350, 351 (5th Cir. 1980) (discussing 18 U.S.C. § 1202, the predecessor to § 922(g)); see also Verrechia, 196 F.3d at 297-98. This mitigates any danger of duplicity because alternative factual scenarios will support only one crime even if all are proven. See Correa-Ventura, 6 F.3d at 1085.

Turning to the facts of this particular case, it is clear that there was little to no likelihood of juror confusion. See id. at 1086. The firearms were all found in a residence where Villegas was located, including one firearm in a bag that Villegas attempted

4

to grab while being arrested, one firearm under the mattress pad of the bed Villegas had been using, and several firearms in a bag in the bedroom between the bed and the wall. In addition, the district court instructed the jury that it had to find that Villegas "knowingly possessed one or more firearms as charged" and told the jury that its verdict "must be unanimous on each count of the indictment." These facts weigh against a finding of juror confusion.

In a similar vein, given the nature of the offense and the uncomplicated facts, there was little risk of juror disagreement about Villegas's underlying conduct, i.e., possession of a firearm, which mitigates the significance of any disagreement about the particular firearm. See Verrechia, 196 F.3d at 301. It is also unlikely that the lack of a specific unanimity instruction increased the danger that the jury would ignore underlying factual details and convict on an improper basis. See id.; see also Richardson, 526 U.S. at 810.

For all of these reasons, the district court did not abuse its discretion in refusing to instruct the jury that it had to make a unanimous finding with respect to at least one of the firearms set forth in count one of the indictment. We do not mean to suggest, however, that such an instruction is never required in a § 922(g) case, and we decline to speculate as to which factual scenarios might require such an instruction. See Correa-Ventura, 6 F.3d at 1087; see also DeJohn, 368 F.3d at 542. Rather, such determinations must be made on a case-by-case basis in

5

consideration of the factors enunciated in <u>Richardson</u> and in <u>Correa-Ventura</u>, 6 F.3d at 1087.

In a second point of error, Villegas argues, solely to preserve the issue for Supreme Court review, that § 922(g) is unconstitutional as applied because it requires a substantial effect on interstate commerce, while the facts here established only that the firearms traveled in interstate commerce at some point in the past. As we have repeatedly held, "the constitutionality of § 922(g) is not open to question." <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001).

For the foregoing reasons, the judgment of the district court is AFFIRMED.