IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-10548

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERT VIVIAN DELEON

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-51-1

Before GARWOOD, CLEMENT and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Deleon pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Deleon to fifty-seven months of imprisonment and three years of supervised release. He now appeals his conviction and sentence. We affirm.

## I. FACTS AND PROCEEDINGS

On August 16, 2006, a grand jury indicted Deleon for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for

---

[*] Pursuant to 5TH CIR. R. 47.5, this court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of a stolen firearm in violation of 18 U.S.C. § 922(j). On January 11, 2007, Deleon pleaded guilty to being a convicted felon in possession of a firearm.

Following Deleon's guilty plea, the United States Probation Office prepared a presentence report ("PSR"). Paragraph 38 of the PSR noted that Deleon had recently been indicted for aggravated sexual assault of a child in state court:

> On January 4, 2007, the defendant was indicted in Case No. 22,786-A for Aggravated Sexual Assault of a Child which is pending in the 42nd District Court of Taylor County, Abilene, Texas. This charge stems from September 2005 where the defendant is accused of forcibly having sexual intercourse with a 13-year-old female over a 9-day period of time. Offense reports reflected the female positively identified the defendant, and the defendant's defense was that she told him she was 18 years old.

In addition to the information related to this indictment, paragraphs 35-37 of the PSR indicated that Deleon had also recently been indicted for theft by check, theft of service, and assault causing bodily injury in state court. Neither Deleon nor the government objected to this information.

On April 20, 2007, the district court adopted the PSR and sentenced Deleon to fifty-seven months of imprisonment and three years of supervised release. As to the term of imprisonment, the district court ordered that it run consecutively to any sentence which might be imposed in the pending state cases. As to the term of supervised release, the district court imposed special conditions related to sex offenders, including that he participate in a sex offender treatment program, that he not loiter around children, that he not work near children, and that he not date or befriend anyone under the age of eighteen. Deleon did not object to any component of his sentence.

On April 26, 2007, Deleon noted a timely appeal of his conviction and sentence. In addition, on April 27, 2007, Deleon filed a motion to correct his

sentence under Federal Rule of Criminal Procedure 35, arguing for the first time that the district court erred in ordering that his sentence run consecutively to any sentences imposed in pending state proceedings and in imposing the special conditions of supervised release related to sex offenders. On May 8, 2007, the district court denied Deleon's motion. Deleon did not appeal the district court's order denying his Rule 35 motion.

On March 13, 2008, the government filed an unopposed motion to supplement the record on appeal, which this court granted. The additional information provided that, in Deleon's aggravated sexual assault of a child case in state court, he pleaded guilty to the lesser-included offense of indecency with a child by contact on March 6, 2008. For this sex offense, the state court sentenced Deleon to seven years of imprisonment and required him to register as a sex offender under Texas Law.

## II. DISCUSSION

Deleon appeals his conviction, arguing that the district court erred in finding a sufficient factual basis to support his guilty plea. Deleon appeals his sentence, claiming that the district court erred by ordering that his sentence run consecutively to yet-to-be-imposed sentences in pending state court proceedings and by imposing sex-offender-related special conditions of supervised release when the underlying conviction was for a non-sexual offense. We address each argument in turn.

### A.

Deleon asserts that the district court plainly erred in finding an adequate factual basis to support his guilty plea to being a convicted felon in possession of a firearm because the factual resume failed to show: (1) that his actions had a "substantial effect" on interstate commerce, and (2) that Deleon knew the firearms he possessed were in or affecting interstate commerce. Deleon contends

that the interstate commerce requirement necessitates more than the movement of the firearm across state lines at some point in the past and that there must be evidence he knew of the interstate nexus. As Deleon concedes, however, each of these issues is foreclosed by this court's precedent. See, e.g., United States v. Villegas, 494 F.3d 513, 516 (5th Cir. 2007) (per curiam); United States v. Schmidt, 487 F.3d 253, 254–55 (5th Cir. 2007); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001); United States v. Dancy, 861 F.2d 77, 81–82 (5th Cir. 1988).

## B.

Deleon also challenges this court's prior holding that a district court may order a term of imprisonment to run consecutively to a yet-to-be-imposed state sentence. See United States v. Lopez, 222 F. App'x 404, 405 (5th Cir. 2007) (per curiam) (unpublished); United States v. Brown, 920 F.2d 1212, 1216–17 (5th Cir. 1991) (per curiam), abrogated on other grounds by United States v. Candia, 454 F.3d 468, 472–73 (5th Cir. 2006). Deleon argues that Brown should be overruled. As Deleon concedes, however, this issue is foreclosed by this court's precedent.

## C.

Deleon further argues that the district court erred by imposing sex-offender-related special conditions of supervised release when the underlying conviction was for a non-sexual offense. Ordinarily, this court reviews the imposition of conditions of supervised release for abuse of discretion. United States v. Paul, 274 F.3d 155, 164 (5th Cir. 2001). However, where a defendant fails to object to a condition of supervised release, we review for plain error. Id. Deleon did not object to the imposition of these special conditions at his sentencing hearing, but he did raise the issue in his motion to correct his

sentence under Federal Rule of Criminal Procedure 35, which was filed after he had already appealed his conviction and sentence. Given that there is no case law as to whether such a Rule 35 motion under these facts preserves an issue for appeal, the appellate standard of review could be disputed. Based upon the evidence, however, Deleon's argument fails under either standard.

A district court may impose any condition of supervised release "it considers to be appropriate" so long as certain requirements are met. See 18 U.S.C. § 3583(d). First, the condition must be "reasonably related" to (1) the nature and characteristics of the offense and the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from any further crimes of the defendant, and (4) the defendant's correctional needs. See id. § 3583(d)(1) (referencing id. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). A condition of supervised release may be reasonably imposed despite not being related to every enumerated factor, so long as it is reasonably related to one or more of the factors. See United States v. Barajas, 331 F.3d 1141, 1146 (10th Cir. 2003). Second, the condition cannot impose any "greater deprivation of liberty than is reasonably necessary" to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs. See 18 U.S.C. § 3583(d)(2) (referencing id. §§ 3553(a)(2)(B), (a)(2)(C), (a)(2)(D)). Finally, the condition must be consistent with the policy statements issued by the United States Sentencing Commission under 28 U.S.C. § 994(a)(2). See id. § 3583(d)(3).

Deleon argues that the district court erred in imposing sex-offender-related special conditions because his underlying conviction was for a non-sexual offense and because paragraph 38 of his PSR did not provide adequate evidentiary support to justify the special conditions. The government, on the other hand, argues that the district court did not err because there was sufficient

evidentiary support for the special conditions in paragraph 38 of the PSR, which has been confirmed by Deleon's recent guilty plea to indecency with a child by contact in state court.

We agree with the government. A district court may impose sex-offender related special conditions when the underlying conviction is for a non-sexual offense under certain circumstances. See United States v. Prochner, 417 F.3d 54, 63 (1st Cir. 2005) ("[T]he fact that the special condition of sex offender treatment is not related to the crime of conviction does not, by itself, render the condition invalid."); cf. United States v. Emerson, 231 F. App'x 349, 353–55 (5th Cir. 2007) (unpublished) (affirming a modification of supervised release conditions to impose sex-offender-related special conditions when the underlying conviction was for possession of a firearm while under a restraining order). A district court may consider a defendant's prior conviction for a sex offense when imposing sex-offender-related special conditions when the underlying conviction is for a non-sexual offense. See, e.g., United States v. Dupes, 513 F.3d 338, 343–44 (2d Cir. 2008); Emerson, 231 F. App'x at 354–55. In addition, "[a] court may consider prior criminal behavior of the defendant even where the prior criminal conduct did not lead to a conviction if that information was admitted by the defendant or derived from a reliable source." United States v. Hill, 150 F. App'x 416, 422 (6th Cir. 2005) (unpublished). A PSR generally bears sufficient indicia of reliability to be considered as evidence by a sentencing judge when making a factual determination. See United States v. Rome, 207 F.3d 251, 254 (5th Cir. 2000). When a district court relies on information in a PSR as evidence, "the defendant bears the burden of demonstrating that the information is unreliable or untrue." Id.

Here, although the district court was silent regarding its reason for imposing the sex-offender-related special conditions, the unchallenged information in paragraph 38 of the PSR provides evidence that Deleon committed a sex offense. The PSR specifically provided (1) that Deleon was recently indicted for aggravated sexual assault of a child in state court; (2) that this indictment stemmed from a September 2005 accusation that Deleon forcibly had sexual intercourse with a thirteen-year-old female over a nine-day period; (3) that the victim had positively identified Deleon; and (4) that Deleon's defense was that the victim told him she was eighteen years old. Faced with this information in his PSR, Deleon had ample time to object and state on the record that he did not commit this offense; however, he did not do so. Deleon never demonstrated that this information was untrue or unreliable. Moreover, the record now reveals that Deleon recently pleaded guilty to the lesser-included charge of indecency with a child by contact based upon his conduct in paragraph 38 of the PSR, for which he was sentenced to seven years of imprisonment and required to register as a sex offender under Texas law. Accordingly, under the plain-error or the abuse-of-discretion standard, we hold that the district court did not err in imposing the sex-offender-related special conditions on Deleon.

Additionally, we note that Deleon argued that United States v. Scott, 270 F.3d 632 (8th Cir. 2001) supported reversal of his sentence and conviction. In Scott, the Eighth Circuit reversed a district court's imposition of sex-offender-related special conditions for an underlying conviction of armed bank robbery, when the prior sex offense conviction was fifteen years old. Id. at 633–34. Scott, however, is easily distinguishable from Deleon's case. Deleon was indicted for the firearms offense on August 16, 2006, he was charged with aggravated sexual assault of a child on January 4, 2007 (for conduct occurring in September 2005), and he pleaded guilty to indecency with a child by contact on March 6, 2008.

7

The close temporal proximity between Deleon's federal firearms conviction and his recent state court sex offense conviction firmly supports the district court's decision.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM Deleon's conviction and sentence.

GARWOOD, Circuit Judge, specially concurring.

I would review appellant's sentencing complaints, made for the first time in a post-trial motion the denial of which has not been appealed, under FED. R. CRIM. P. 52(b); under that standard it is clear that affirmance is called for, as the court's opinion well demonstrates.