**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-30946
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRED DANIEL MILLER

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-160-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fred Daniel Miller appeals the sentence imposed by the district court following the revocation of his supervised release. He argues that the district court abused its discretion in imposing special conditions of supervised release that require him to undergo psychosexual evaluation and potential treatment and which restrict his ability to have contact with children under the age of 18. Miller contends that the special conditions have no reasonable relationship to his underlying offense of conviction, i.e., wire fraud, and that there is no evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he has a propensity to commit future sexual offenses. He asserts that the special conditions are not reasonably related to the sentencing factors set forth in 18 U.S.C. § 3583(d), and involve an unreasonable deprivation of liberty.

This court reviews the imposition of discretionary conditions of supervised release for abuse of discretion. *United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005) (internal quotation marks and citation omitted). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Lopez-Urbina*, 434 F.3d 750, 766-67 (5th Cir. 2005).

A district court may impose any condition of supervised release "it considers to be appropriate" so long as certain requirements are met. § 3583(d). The condition must be "reasonably related" to one of the following (1) the nature and characteristics of the offense and the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from any further crimes of the defendant, and (4) the defendant's correctional needs. § 3583(d)(1); 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D). However, the condition cannot impose any "greater deprivation of liberty than is reasonably necessary" to promote deterrence, protect the public from the defendant, and advance the defendant's correctional needs. *See* §§ 3583(d)(2), 3553(a)(2)(B), (a)(2)(C), (a)(2)(D). The condition also must be "consistent with any pertinent policy statements issued by the Sentencing Commission." § 3583(d)(3).

"A district court may impose sex-offender related special conditions when the underlying conviction was for a non-sexual offense under certain circumstances." *United States v. Deleon*, 280 F. App'x 348, 351 (5th Cir. 2008),

*cert. denied*, 2009 WL 425156 (Feb. 23, 2009) (No. 08-8207).[1] A court also may consider the defendant's prior criminal behavior even where the prior criminal conduct did not lead to a conviction if that information was derived from a reliable source. *Id*. A presentence report (PSR) generally bears sufficient indicia of reliability to be considered as evidence by a sentencing judge when making a factual determination. *See United States v. Rome*, 207 F.3d 251, 254 (5th Cir. 2000). When a district court relies on information in a PSR as evidence, "the defendant bears the burden of demonstrating that the information is unreliable or untrue." *Id*.

In the instant case, the PSR identified that Miller previously was convicted of a child sex offense and more recently was arrested for loitering for sex from a person under the age of 18. Miller did not object to the PSR's characterization of his prior sex offense or present rebuttal evidence to establish that his recent arrest did not involve sexual conduct. Because Miller failed to show that the PSR was unreliable or untrue, the district court was entitled to rely upon the PSR's depiction of Miller's past criminal behavior. *Rome*, 207 F.3d at 254. The record therefore contains sufficient evidence that Miller previously committed a sexual offense, and Miller's past conduct is an adequate basis for the imposition of sex-offender special conditions. *Deleon*, 280 F. App'x at 351. Thus, Miller has not shown that the district court wrongly imposed sex-offender special conditions following the revocation of his supervised release for his underlying conviction of wire fraud.

Furthermore, the particular special conditions that the district court opted to impose are reasonably related to the appropriate sentencing factors and do not involve a greater deprivation of liberty than is reasonably necessary to achieve the policy objectives of § 3583(d)(2). The conditions specifically are intended to

---

[1] Although an unpublished opinion issued after January 1, 1996 is not controlling precedent, it may be considered as persuasive authority. *Ballard v. Burton,* 444 F.3d 391, 401 and n.7 (5th Cir. 2006).

address Miller's history of sex offenses and the need to protect the public from further criminal activity. The conditions also to serve Miller's correctional needs and act to deter potential recidivism. Moreover, the conditions are properly circumscribed to prevent an unreasonable imposition on Miller's liberty interests. This court previously has upheld more onerous restrictions than those at issue in the instant case. *United States v. Paul*, 274 F.3d 155, 164-65 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.