# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40568
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY DON CASTLEBERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CR-58

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jerry Don Castleberry was convicted by a jury of conspiracy to possess with intent to distribute methamphetamine; possession with intent to distribute methamphetamine; and possession of a firearm in furtherance of a drug trafficking crime. He was sentenced to 181 months of imprisonment and five years of supervised release. On appeal, Castleberry argues that the district court abused its discretion in refusing to instruct the jury that it had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to make a unanimous finding as to which firearm he possessed in furtherance of a drug crime.

Castleberry objected to the exclusion of the unanimity instruction at trial. Accordingly, this court reviews the exclusion of the requested instruction "under an abuse of discretion standard, affording the trial court substantial latitude in describing the law to the jurors." *United States v. Rios*, 636 F.3d 168, 171 (5th Cir. 2011) (internal quotation marks and citation omitted). Whether a unanimity instruction is required depends on "which facts are necessary to constitute the crime and to require consensus on those facts." *United States v. Villegas*, 494 F.3d 513, 514 (5th Cir. 2007). In making this determination, courts should consider "[s]tatutory language and construction, legislative intent, historical treatment of the crime by the courts, duplicity concerns with respect to defining the offense, and the likelihood of jury confusion in light of the specific facts presented." *United States v. Correa-Ventura*, 6 F.3d 1070, 1082 (5th Cir. 1993).

In *Correa-Ventura*, we held that the statutory and legislative history of 18 U.S.C. § 924(c) does not suggest that unanimity as to the type of firearm is necessary for a conviction of the offense. *Id.* at 1083-85. We also noted that the jurisprudential treatment of § 924(c) indicates that a § 924(c) violation is a single offense regardless of the number of firearms used or carried, which alleviates duplicity concerns. *Id.* at 1085. Finally, like *Correa-Ventura*, the facts of Castleberry's case do not indicate a likelihood of juror confusion. The evidence indicates that 97.3 grams of methamphetamine was discovered in Castleberry's truck, a truck he used to transport drugs to his residence. A subsequent search of his residence revealed a number of firearms, a majority of which were loaded, operable, and found in Castleberry's master bedroom. In addition, officers found more drugs, baggies, and drug ledgers in Castleberry's

master bedroom. Stasha Benfield, Castleberry's girlfriend, was present during the search and was found in possession of a .22 pistol. She testified that the firearms in the residence belonged to Castleberry and that most were kept loaded for protection due to their drug trafficking operation.

Additionally, the court instructed the jury that it had to find that Castleberry "knowingly possessed a firearm in furtherance of the Defendant's commission of the crime charged in count one." Additionally, the court explained "that the firearm must have some purpose, role or effect with respect to the drug trafficking crime." The court further instructed that a "verdict must be unanimous on each count of the indictment." These facts indicate that there was little to no likelihood of juror confusion. *See Correa-Ventura*, 6 F.3d at 1086. Accordingly, the judgment of the district court is AFFIRMED.