**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD RUSTON,

    Defendant - Appellant.

No. 24-3054
(D.C. No. 2:22-CR-20067-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

Richard Ruston challenges a special condition of supervised release requiring him to submit to warrantless reasonable-suspicion searches of his computers and other electronic devices, arguing that the condition is not reasonably related to his offense of conviction and is broader than reasonably necessary. But precedent establishes that a condition of supervised release need not be related to the offense of conviction so long as it reasonably related to one of the other cross-referenced sentencing factors. And here, the district court did not abuse its discretion in concluding that the condition was reasonably related to Ruston's history and

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

characteristics, given that three months after the robbery at issue, he was convicted of Kansas felony theft for buying a stolen vehicle using Facebook. And authorizing searches of electronic devices is not broader than reasonably necessary to address the district court's concern about Ruston's electronic communications.

## Background

After a jury convicted Ruston of bank robbery, a probation officer prepared a presentence investigation report calculating a sentencing range of 100 to 125 months, recommending one to three years of supervised release, and proposing various conditions of release. As relevant here, one recommended special condition required Ruston to submit to warrantless searches of his person, residence, vehicle, "computers (as defined in 18 U.S.C. § 1030(e)(1)), [or] other electronic[-]communications or data[-]storage devices or media," so long as the probation officer has reasonable suspicion of a violation of the terms of release and reasonable suspicion that the place to be searched contains evidence of the violation. R. vol. 2, 33. Searches must also occur "at a reasonable time and in a reasonable manner." *Id.*

Ruston objected to this condition, arguing that the district court should strike the "computers and electronic devices" language because it was not reasonably related to his offense of conviction, which did not involve the use of electronic devices. The government justified the condition with reference to Ruston's later-obtained conviction for Kansas felony theft involving Facebook communications about a stolen vehicle. Accepting the government's position, the district court

2

overruled Ruston's objection and determined that the condition was reasonably related to his history and characteristics, as well as the need to deter criminal conduct and protect the public. It imposed a 100-month prison sentence and three years of supervised release, including the challenged special condition.

Ruston appeals, challenging only the search condition.

## Analysis

"[D]istrict courts have broad discretion to prescribe" conditions of supervised release. *United States v. Blair*, 933 F.3d 1271, 1275 (10th Cir. 2019). A district court "may order" a discretionary condition like the one at issue here if it:

> (1) is reasonably related to the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [§] 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements . . . .

18 U.S.C. § 3583(d).

The first and second of these requirements are at issue in this appeal. Regarding § 3583(d)(1), Ruston advances a statutory-interpretation argument that we review de novo and a more traditional abuse-of-discretion argument that the search condition is not reasonably related to the listed factors. *See United States v. Burris*, 29 F.4th 1232, 1235 (10th Cir. 2022). And regarding § 3583(d)(2), Ruston argues the district court abused its discretion in finding the search condition no broader than reasonably necessary. We consider each argument in turn.

3

I.      **Section 3583(d)(1)**

This provision requires a discretionary condition be "reasonably related to" four listed sentencing factors: § 3553(a)(1)'s concern for "the nature and circumstances of the offense *and* the history and characteristics of the defendant" (emphasis added); § 3553(a)(2)(B)'s concern for "afford[ing] adequate deterrence to criminal conduct"; § 3553(a)(2)(C)'s concern for "protect[ing] the public from further crimes of the defendant"; and § 3553(a)(2)(D)'s concern for "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Section 3583(d)(1) lists these four factors using the conjunctive word "and," just like the first cross-referenced sentencing factor in § 3553(a)(1) uses "and" to refer to both the nature of the offense and the defendant's characteristics.

Emphasizing as much, Ruston argues that any special condition of supervised release must be reasonably related to both components of § 3553(a)(1), as well as to each factor listed in § 3583(d)(1). Thus, according to Ruston, the search condition applicable to computers and electronic devices cannot be imposed here because— even assuming the condition is reasonably related to his history and characteristics by way of his conviction for Kansas felony theft that involved Facebook communications—it is not reasonably related to the nature and circumstances of his bank-robbery offense.

To the extent that "and" typically means "and," Ruston's position has some appeal. *See, e.g.*, *Pulsifer v. United States*, 601 U.S. 124, 133 (2024) (noting

4

"elementary proposition" that "and" operates grammatically "to connect specified items"). Nevertheless, Ruston's argument runs headlong into *United States v. Barajas*, 331 F.3d 1141 (10th Cir. 2003). There, the defendant advanced the same argument as Ruston: that two of the conditions of his supervised release (paying child support and participating in mental-health treatment) were improper because they related only to his history and characteristics and did not relate to the nature and circumstances of his firearms offense. *Id.* at 1146. We rejected that argument, holding broadly "that a condition of supervised release may be imposed despite not being related to every enumerated factor, so long as it is reasonably related to one or more of the factors." *Id.* In support, we cited similar holdings from six other circuits and explained that if we required every condition to be reasonably related to every factor, many "routinely imposed conditions would be invalidated." *Id.* at 1146–47; *see also, e.g.*, *United States v. Johnson*, 998 F.2d 696, 698 (9th Cir. 1993) (reasoning that condition need not be reasonably related to all enumerated factors because they are *factors*, not *elements*).

In the ensuing years, we have continually held that conditions need not be related to the offense of conviction so long as they are related to one of the other § 3553(a) factors listed in § 3583(d)(1). *See United States v. Englehart*, 22 F.4th 1197, 1214 (10th Cir. 2022) (citing *Barajas* for proposition that "a special condition need not be reasonably related to all of the factors"); *United States v. Francis*, 891 F.3d 888, 898–99 (10th Cir. 2018) (stating that condition "must be reasonably related to at least one of the following" § 3553(a) factors and finding no prejudicial error in

5

imposition of sex-offender-treatment condition for defendant convicted of firearms offense with history of prior sex offenses (quoting *United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011))); *United States v. Hahn*, 551 F.3d 977, 983–84 (10th Cir. 2008) (affirming because even though "sex[-]offender conditions imposed on [defendant] do not relate to the nature and circumstances of his offense, they do relate to his history and characteristics"); *cf. United States v. Henry*, 979 F.3d 1265, 1268 (10th Cir. 2020) (listing the § 3553(a) factors relevant to imposing conditions of release under § 3583(d)(1) in the disjunctive with an alteration in the quoted language).[1]

Seeking to avoid *Barajas* and the cases following it, Ruston argues that *Barajas* created an intra-circuit split and departed from earlier precedent holding that a condition of supervised release must be reasonably related to the nature and circumstances of the offense. Thus, according to Ruston, we must follow that earlier precedent, not *Barajas*. *See United States v. Sabillon-Umana*, 772 F.3d 1328, 1334 n.1 (10th Cir. 2014) (noting that we must "follow earlier, settled precedent over a subsequent deviation therefrom" (cleaned up) (quoting *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996))). But none of Ruston's earlier cases addressed the

---

[1] Other circuits also continue to hold the same. *See United States v. Weatherton*, 567 F.3d 149, 153 & n.1 (5th Cir. 2009) (stating that "condition must be 'reasonably related' to one of four factors" (quoting § 3583(d)(1)); *United States v. Oliveras*, 96 F.4th 298, 313–14 (2d Cir. 2024) ("Notwithstanding the use of the conjunctive . . . , 'a condition may be imposed if it is reasonably related to any one or more of the specified factors.'" (quoting *United States v. Amer*, 110 F.3d 873, 883 (2d Cir. 1997))).

issue he raises here—each merely quoted or paraphrased the statutory language with its conjunctive "and."

Consider, for instance, *United States v. Edgin*, 92 F.3d 1044 (10th Cir. 1996). There, the defendant was convicted of making a threatening phone call to the new boyfriend of his ex, who was also the mother of his child, and the district court imposed a condition prohibiting the defendant from contacting not only the boyfriend, but also the ex and child. *Id.* at 1046–47. The defendant argued on appeal that the district court "did not have the statutory authority to impose" the condition preventing him from contacting his child. *Id.* at 1047–48. We remanded because the district court failed to explain why it imposed the condition, which infringed on the defendant's liberty interest in maintaining his familial relationship. *Id.* at 1049–50.

Ruston says that in so doing, "*Edgin* plainly and unambiguously held that 'a condition of supervised release must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant.'" Rep. Br. 6–7 (cleaned up) (quoting *Edgin*, 92 F.3d at 1048). We disagree. As the government responds, *Edgin* merely "set[] out the relevant statutory language." Aplee. Br. 17. It did not hold that a condition must be related to all four factors, including both components of § 3553(a)(1).

The same is true of the three other cases Ruston cites. *See United States v. Fabiano*, 169 F.3d 1299, 1307 (10th Cir. 1999) (quoting and paraphrasing statute's use of "and" before affirming condition that defendant convicted of child-pornography offense register as sex offender); *United States v. Ensminger*, 174 F.3d

7

1143 (10th Cir. 1999) (quoting the relevant statutory language before rejecting argument that financial-monitoring condition was not reasonably related to conviction for making false statements); *United States v. Bartsma*, 198 F.3d 1191 (10th Cir. 1999) (reversing sex-offender-registration condition for defendant convicted for illegally possessing a firearm because defendant did not receive required notice; not reaching merits of argument that condition was invalid because it was not reasonably related to offense).

Because none of Ruston's four cases establish a pre-*Barajas* holding on whether a special condition of supervised release must be related to the offense of conviction, as opposed to related to at least one of the listed sentencing factors, *Barajas* controls the outcome of this argument, without regard for Ruston's criticisms of that decision.[2] We therefore conclude that the district court did not legally err by imposing a condition that was not related to his offense of conviction. *See Barajas*, 331 F.3d at 1146–47.

That leaves Ruston's alternative § 3583(d)(1) argument. He contends that the district court abused its discretion in relying on the Facebook communications

---

[2] To the extent that Ruston relies on two post-*Barajas* cases, he fares no better. Neither cites *Barajas* nor considers the argument raised here, despite including some language that's arguably inconsistent with *Barajas*. *See United States v. Smith*, 606 F.3d 1270, 1282 (10th Cir. 2010) (stating that "[w]e require conditions of supervised release to be linked to the offense" but affirming because district court adequately explained why it was linked); *United States v. Lonjose*, 663 F.3d 1292, 1302–03 (10th Cir. 2011) (quoting "linked" statement from *Smith* and agreeing that condition impermissibly limited defendant's contact with his son). And regardless of the passing statements in these later cases, *Barajas* must control as the earlier-decided case. *See Sabillon-Umana*, 772 F.3d at 1334 n.1.

underlying his Kansas felony-theft conviction to find the condition reasonably related to his "history and characteristics, the need to deter adequately criminal conduct, [and] the need to protect the public from further crimes." R. vol. 3, 768. According to Ruston, the Facebook communications provided inadequate, superficial justification for this condition. In support, he relies on cases in which this court has invalidated conditions broadly prohibiting contact with minors based on prior sex offenses without making individualized findings or tailoring the condition to the facts of the prior offense. *See, e.g.*, *United States v. LeCompte*, 800 F.3d 1209, 1216–18 (10th Cir. 2015).

Leaving aside the patent lack of similarity between this case and cases involving no-contact orders premised on prior sex offenses, we see no abuse of discretion in the district court's decision. Not only are felony theft and bank robbery at least somewhat similar crimes, but the felony theft and its attendant Facebook communications occurred less than three months after the instant bank robbery. *Cf. id.* at 1217–18 (faulting district court for failing to consider "remoteness of [defendant's] prior sex offense"). And although Ruston suggests the condition is not reasonably related to his history and characteristics because the evidence established only that he used Facebook, not that he did so on a device he owned, we agree with the government that the Facebook communications demonstrate that "Ruston had the intent, ability, and opportunity to use a computer or electronic device to facilitate his commission of a crime." Aplee. Br. 25. Thus, the district court did not abuse its discretion in relying on the felony-theft conviction to conclude that the search

9

condition as to computers and electronic devices was reasonably related to Ruston's history and characteristics and the need to deter criminal conduct and protect the public.

## II.    Section 3583(d)(2)

Ruston next argues that the search condition as to computers and electronic devices involves a greater deprivation of liberty than reasonably necessary for the sentencing purposes outlined in § 3583(d)(2). In particular, he contends that because the district court justified the search condition with reference to Facebook *communications*, it is overbroad and not reasonably necessary to authorize searches of electronic *devices*. In support, Ruston asserts that "computers and electronic devices contain much more information than electronic communications." Aplt. Br. 33 (cleaned up). But the cases Ruston offers in support demonstrate that this discrepancy doesn't amount to an abuse of discretion. For instance, in *Blair*, we invalidated an internet-use condition as overbroad "because it allow[ed] the probation office to completely ban the defendant's use of the [i]nternet by failing to place any restraints on a probation officer's ability to restrict a defendant's [i]nternet access." 933 F.3d at 1272. Here, by contrast, the search condition doesn't bar or limit Ruston's use of electronic devices, and it contains restraints: a probation officer must have reasonable suspicion that Ruston violated a condition of release, have reasonable suspicion that the areas to be searched contain evidence of that violation, and must conduct the search at a reasonable time and in a reasonable manner.

Ruston also cites *United States v. Bear*, where we held that a condition prohibiting contact with children was broader than necessary because it barred contact with the defendant's own children but was based only on a 12-year-old sex-offense conviction; there was no evidence that the defendant had exhibited "continuing deviant sexual tendencies" or posed any danger to his own children. 769 F.3d 1221, 1229 (10th Cir. 2014). We see no similar mismatch in this case, where the condition authorizes searches of Ruston's electronic devices based on evidence that he used electronic communications to commit a similar crime just three months after committing the underlying offense.

In sum, Ruston argues that the district court abused its discretion simply because "the computer-search condition *could* have been written more narrowly." Rep. Br. 19 (emphasis added). But all § 3583(d)(2) requires is "no greater deprivation of liberty than is reasonably necessary for" the listed sentencing factors. The phrase "reasonably necessary" contains substantial flexibility, in line with district courts' "broad discretion to prescribe" conditions of supervised release. *Blair*, 933 F.3d at 1275. That a condition *could* be narrower does not automatically establish an abuse of discretion. And here, we do not see any arbitrary or unreasonable overreach in authorizing reasonable-suspicion searches of electronic devices based on evidence that Ruston used electronic communications to commit a new theft crime shortly after committing the bank robbery at issue here; the condition does not deprive him of more liberty than reasonably necessary to deter crime and protect the public.

**Conclusion**

*Barajas* did not contradict prior caselaw when it held that a condition of supervised release need not be related to the offense of conviction so long as it is reasonably related to one of the other sentencing factors listed in § 3583(d)(1). Because *Barajas* remains good law, we reject Ruston's argument that the district court legally erred in imposing a computer-search condition that is not related to his bank-robbery offense. And given that three months after the bank robbery, Ruston used Facebook to purchase a stolen vehicle, we see no abuse of discretion in the district court's determination that the condition was (1) reasonably related to Ruston's history and characteristics, deterring future criminal conduct, and protecting the public and (2) no broader than reasonably necessary for deterrence and protection.

Entered for the Court

Nancy L. Moritz
Circuit Judge